DANIEL C. SNYDER (Oregon State Bar No. 105127)
*Pro hac vice* application forthcoming
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Telephone:    (202) 861-5251
Facsimile:    (202) 232-7203
dsnyder@publicjustice.net

RACHEL S. DOUGHTY (California State Bar No. 255904)
LILY RIVO (California State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline St., Suite A
Berkeley, CA 94703
Telephone:    (510) 900-9502
Facsimile:    (510) 900-9502
rdoughty@greenfirelaw.com
lrivo@greenfirelaw.com

Attorneys for Plaintiff US RIGHT TO KNOW

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEFENSE INTELLIGENCE AGENCY,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act |

**INTRODUCTION**

1.  This action, through which Plaintiff US Right to Know ("USRTK" or "Plaintiff") seeks access to government records held by Defendant United States Defense Intelligence Agency ("DIA" or "Defendant"), is premised upon, and consequent to, violations of the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, and applicable Department of Defense ("DOD") FOIA regulations promulgated thereunder, 32 C.F.R. Part 286 – "DOD FREEDOM OF INFORMATION ACT (FOIA) PROGRAM." This action challenges the unlawful failure of the Defendant to abide by the statutory requirements of the FOIA and applicable Department of Defense implementing regulations.

2.  Defendant is unlawfully withholding from public disclosure information sought by USRTK, information to which USRTK is entitled and for which no valid disclosure exemption applies or has been properly asserted. In particular, Defendant has violated, and remains in violation of, the statutory mandates imposed by the FOIA by: (Count I) failing to provide a timely final determination on USRTK's FOIA Request; (Count II) unlawfully withholding records from public disclosure for which no valid disclosure exemption applies or has been properly asserted, or to provide the reasonably segregable portions of those records; and (Count III) failing to provide an updated "estimated date of completion."

3.  The records requested by USRTK are likely to contribute significantly to the understanding of the operations or the activities of the government. USRTK is a 501(c)(3) nonprofit organization and, by its nature, has no commercial interest in the requested records.

4.  USRTK seeks declaratory relief establishing that DIA has violated the FOIA and that such actions entitle USRTK to relief thereunder. USRTK also seeks injunctive relief directing DIA to conduct a reasonably adequate search for records and to promptly provide responsive material, to reasonably segregate portions of non-exempt records, and to provide proper justifications for any disclosure exemptions that are applied. Finally, USRTK requests that the Court award Plaintiff its reasonable attorneys' fees and costs incurred in bringing this action.

**JURISDICTION AND VENUE**

5.  This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B). That provision of the

1
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO.:_____

FOIA grants jurisdiction to "the district court of the United States in the district in which the complainant resides, or has his principal place of business[.]" USRTK both resides and maintains its principal place of business in the Northern District of California.

6. The Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

## INTRADISTRICT ASSIGNMENT

7. Pursuant to Local Rule 3-2(c), this case is properly brought in the San Francisco Division of the Northern District of California because a substantial part of the events and omissions which give rise to the claims alleged herein occurred in the County of San Francisco.

8. Under the FOIA, 5 U.S.C. § 552(a)(4)(B), jurisdiction vests in the district court where "the complainant resides" or "has his principal place of business."

9. Plaintiff resides in the County of San Francisco.

10. Plaintiff has its principal place of business in the County of San Francisco.

11. As such, under the L.R. 3-2(c), (d), intradistrict assignment to the San Francisco division is proper.

## PARTIES

12. Plaintiff USRTK is a 501(c)(3) nonprofit corporation organized under the laws of the State of California. USRTK is a public interest, investigative research group focused on promoting transparency for public health. USRTK works nationally and globally to expose corporate wrongdoing and government failures that threaten the integrity of food systems, the environment, and human health.

13. Defendant Defense Intelligence Agency is a component of the Department of Defense and an agency of the United States executive branch.

14. DIA qualifies as an "agency" under the FOIA, the records sought are "records" under the FOIA, and because DIA is in possession and control of the records sought by USRTK, DIA is subject to the FOIA pursuant to 5 U.S.C. § 552(f).

## LEGAL FRAMEWORK

15. The FOIA requires U.S. government agencies to "promptly" make public records

available to any person if that person makes a request which (1) reasonably describes the records sought and (2) complies with any applicable agency rules for making such a request. 5 U.S.C. § 552(a)(3)(A).

16. The FOIA requires an agency to issue a final determination on any such information request within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i). In issuing a final determination, an agency is required to inform the requester of three things: (1) the agency's determination of whether or not it must comply with the request; (2) the reasons for its decision; and (3) notice of the right of the requester to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

17. The FOIA allows an agency to extend the twenty-day determination deadline, however, by ten working days when "unusual circumstances" exist and when the agency so notifies a requester in writing. 5 U.S.C. § 552(a)(6)(B)(i)-(iii); 32 C.F.R. § 286.8(c). A notice informing a requester of the invocation of the "unusual circumstances" provision must specify the applicable "unusual circumstances." 32 C.F.R. § 286.8(c).

18. Permissible "unusual circumstances" are limited to: "(I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

19. An agency is entitled to one ten-business day extension. 5 U.S.C. § 552(a)(6)(B)(i). The written notice provided to the requester must specify the specific unusual circumstances justifying the extension and the date on which a final determination is expected to be dispatched. *Id.*; 32 C.F.R. § 286.8(c).

20. In some circumstances, the FOIA allows an agency to invoke an extension beyond ten days. To invoke a longer extension, the FOIA requires an agency to provide written notification to the requester that (1) offers the requester an opportunity to limit the scope of the request so that it may be processed within that time limit, or (2) offers the requester an opportunity to arrange with the agency an

3
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO. _____

"alternative time frame" for processing the request. 5 U.S.C. § 552(a)(6)(B)(ii); 32 C.F.R. § 286.8(c).

21.   As part of invoking an "alternative time frame" extension, the agency must also make available to the requester its FOIA Public Liaison, who is tasked to resolve any dispute between the requester and the agency. 5 U.S.C. § 552(a)(6)(B)(ii); 32 C.F.R. § 286.8(c).

22.   FOIA Public Liaisons "shall serve as supervisory officials" and "shall be responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes." 5 U.S.C. § 552(l).

23.   Even when an "unusual circumstances" extension is made, the agency must still notify the requester of its expected date on which a final determination will be dispatched. 5 U.S.C. § 552(a)(6)(B)(i); 32 C.F.R. § 286.8(c) ("Whenever the statutory time limit for processing a request cannot be met because of 'unusual circumstances,' as defined in the FOIA, and the DoD Component extends the time limit on that basis, the DoD Component must, before expiration of the 20-day period to respond, notify the requester in writing of the unusual circumstances involved and of the date by which processing of the request can be expected to be completed.").

24.   "Exceptional circumstances" for failure to comply with applicable time limits "does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii).

25.   If an agency fails to provide a final determination on a FOIA request within the statutory timeframe, the requester is deemed to have exhausted its administrative remedies and may immediately file suit against the agency. 5 U.S.C. § 552(a)(6)(C)(i).

26.   The FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii); *see also* 5 U.S.C. § 552(a)(6)(B)(i).

27.   Agencies shall make reasonable efforts to maintain their records so they are reproducible for FOIA purposes, and "shall make reasonable efforts to search" for responsive records. 5 U.S.C. § 552(a)(3)(B), (C). The term "search" "means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. §

552(a)(3)(D).

28. In furnishing records responsive to a request under the FOIA, an agency may, for a limited set of categories of information, exclude or withhold such information from disclosure. 5 U.S.C. § 552(b). However, even where proper justification exists for withholding such information, the agency must provide the remaining portions of records that are reasonably segregable from the properly withheld portions thereof. *Id.*

29. Except in certain circumstances, when an agency produces a record in response to a FOIA request but withholds a portion thereof, the agency must indicate the volume of information withheld and the exemption under which such information has been withheld. *Id.*; 5 U.S.C. § 552(a)(6)(F).

30. An agency that withholds public records from a requestor under the FOIA bears the burden of sustaining the legality of its action. 5 U.S.C. § 552(a)(4)(B).

31. Requesters under the FOIA may ask that an agency waive fees associated with any request for records "if disclosure of the information is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

32. An agency may only charge certain fees depending on the category of requester. For non-commercial requesters such as USRTK, "fees shall be limited to reasonable standard charges for document search and duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(III).

33. Agencies are prohibited from assessing search fees if the agency fails to comply with the FOIA's twenty-day determination deadline or any lawful extension under the statute's "unusual circumstances" provisions. 5 U.S.C. § 552(a)(4)(A)(viii).

**STATEMENT OF OPERATIVE FACTS**

34. USRTK submitted a FOIA Request to DIA on August 17, 2020 (the "Request"). The Request sought a waiver of all fees associated with processing the Request. A copy of the Request is attached hereto as **Exhibit A**.

35. The Request seeks a copy of one specifically identified agency record: "China: Origins of

5
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO. _____

COVID-19 Outbreak Remain Unknown," dated March 27, 2020.

36. USRTK has no commercial interest or value in records responsive to the Request.

37. The record requested by USRTK is likely to contribute significantly to the public understanding of the operations and activities of the government, especially as they pertain to the origin of the SARS-CoV-2 virus and the COVID-19 pandemic in the United States and across the world.

38. USRTK has a demonstrated track record of obtaining and disseminating information obtained under the FOIA and state public records laws concerning public health. Since 2015, USRTK has obtained, posted online, and reported on thousands of industry and government documents gathered via public records requests. USRTK's work has contributed to three New York Times investigations, 15 academic papers in public health journals, 13 articles in the BMJ, one of the world's leading medical journals, and global media coverage documenting how food and chemical corporations impact public health and the environment. USRTK's staff has expertise in investigative journalism and advanced research, especially as it concerns impacts on human health.

39. USRTK's investigation of the origins of COVID-19 has been featured in news outlets around the world, including the Wall Street Journal, Washington Post, Science, BMJ, USA Today, New Yorker, Vanity Fair, Fox News, The Intercept, Sky News Australia, Daily Mail, The Australian, Bulletin of the Atomic Scientists, RAI 3's Presadiretta, Le Parisien, Le Point, CNET, Taiwan News, La Jornada, The Sun, Daily Caller, New York Post and many others.

40. USRTK shares its findings with media outlets, public health and medical journals, and through its own library of information, available online at: <http://www.usrtk.org>. Many of USRTK's documents are available through the USRTK Agrichemical Collection of the University of California, San Francisco's ("UCSF") Chemical Industry Documents Archive, available online at: <https://www.industrydocuments.ucsf.edu/chemical/collections/usrtk-agrichemical-collection/>, and the USRTK Food Industry Collection of the UCSF Food Industry Documents Archive, available online at: <https://www.industrydocuments.ucsf.edu/food/collections/usrtk-food-industry-collection/>.

41. DIA acknowledged receipt of the Request by letter dated August 21, 2020. DIA assigned the Request tracking number "FOIA-00137-2020."

42. In its August 21, 2020, correspondence, DIA invoked the FOIA's "unusual circumstances" exception to the twenty-day determination deadline. DIA identified the unusual circumstances as "one or more of the following reasons," "(I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein."

43. In its August 21, 2020, correspondence, DIA stated that it "[c]annot provide an estimated date of completion."

44. On September 10, 2020, USRTK wrote to Ms. Brittley Timmons, requesting that DIA provide an estimated completion date for the Request. Ms. Timmons replied on September 11, stating that DIA was unable to provide USRTK with an estimated completion date.

45. On October 1, 2020, USRTK wrote to Mr. Steven Tumiski, the Chief of the Record Management and Information Services for DIA. USRTK again requested that DIA provide an estimated completion date consistent with the statutory requirements of the FOIA. USRTK also noted, "please do tell us if there is anything we can do to help you to process our FOIA request." No response was received by Mr. Tumiski.

46. On October 16, 2020, USRTK wrote again to Ms. Timmons at DIA, requesting that DIA provide an estimated completion date consistent with the FOIA. Ms. Timmons responded on October 19, 2020, explaining that, "[d]ue to the complexity of your request, we estimate that your request will potentially be complete November 2021."

47. USRTK replied to Ms. Timmons on October 20, 2020, explaining that the Request at issue sought only one specific, identified agency record. USRTK questioned the rationale for DIA characterizing the Request as "complex" in light of this fact.

48. Ms. Timmons responded on October 21, 2020, stating that she understood USRTK's

7
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO. _____

1  concerns, but that DIA had an extensive backlog and that USRTK's estimated completion date was
2  November, 2021.
3      49.    On October 29, 2020, USRTK provided a formal correspondence to DIA and Mr.
4  Tumiski, requesting that DIA (1) provide a lawful determination on the Request consistent with the
5  FOIA, and (2) an estimated completion date that complies with the FOIA's requirements to "promptly"
6  make records available upon request.
7      50.    Mr. Tumiski responded to USRTK's formal correspondence on October 29, 2020. In an
8  email, Mr. Tumiski stated that USRTK's FOIA Request – which seeks one identified record – was
9  placed into the "complex" processing track because DIA assessed that DIA would be required "to search
10 for records in multiple locations or need to collaborate with multiple offices or agencies in the
11 processing of" the Request. Mr. Tumiski indicated that "complex" track requests typically seek a "high
12 volume of material or require additional steps to process." Mr. Tumiski provided USRTK with an
13 amended estimated completion date of September 30, 2021. Finally, Mr. Tumiski asked USRTK for
14 patience.
15     51.    USRTK wrote again to Mr. Tumiski and Ms. Timmons on November 6, 2020. In that
16 letter, USRTK stressed that its Request seeks one identified Agency record, not a high volume of
17 material. USRTK again asked for a lawful 20-day determination on the FOIA Request. The letter closed
18 by stating: "U.S. Right to Know is aware of its legal options in light of these statutory errors. We hope
19 to avoid litigation against the Agency over what appears to be a mischaracterization of this Request."
20     52.    Mr. Tumiski responded by email to USRTK's November 6, 2020 letter on November 9,
21 2020. In that email, Mr. Tumiski again requested USRTK's "patience and consideration," and stated that
22 "[w]hile my initial response, and much of it is repeated below, may not be what you'd like to hear; the
23 response and circumstances remain the same, and no amount of pressure or demands by your
24 organization are going to change the current situation or our FOIA processes." Mr. Tumiski further
25 stated that the Request was placed onto the complex track "on the likelihood that DIA will have to
26 search for records in multiple locations or need to collaborate with multiple offices or agencies in the
27 processing of your request."
28

8
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO. _____

53. Mr. Tumiski's November 6, 2020 letter did not inform USRTK of (1) DIA's determination of whether or not to comply with the Request; (2) the reasons for its decision; and (3) notice of USRTK's right to appeal to the head of the agency.

54. On January 21, 2021, USRTK wrote to Mr. Tumiski again, requesting that DIA provide a lawful 20-day determination under the FOIA and an estimated completion date that complies with the FOIA's requirement to make records "promptly" available. That same day, Mr. Tumiski replied by email, providing USRTK with excerpts of DIA's previous responses to USRTK's requests for information on the processing of the Request.

55. Mr. Tumiski's January 21, 2021 email did not inform USRTK of (1) DIA's determination of whether or not to comply with the Request; (2) the reasons for its decision; and (3) notice of USRTK's right to appeal to the head of the agency.

56. On March 11, 2021, USRTK sent another letter to Mr. Tumiski, requesting information on whether Defendant's September 30, 2021 estimated completion date was still accurate. Ms. Timmons responded that same day, indicating that DIA was "unable to provide" a "status regarding the previously provided estimated completion date, however, our analysts are doing what they can to maintain that date."

57. DIA did not provide a response to the Request on or before September 30, 2021.

58. Between September 30, 2021 and December 21, 2022, DIA took no action on the Request. No records were produced and no correspondences were provided by DIA to USRTK.

59. On December 23, 2022, USRTK wrote again to DIA, including Mr. Tumiski and Ms. Timmons. That letter requested that DIA provide a lawful determination on the Request and provide an updated estimated completion date, as September 30, 2021 had long passed. USRTK's letter also stated: "Finally, please note that this is our third correspondence on this matter, and that over two years have passed since we made our original request. If DIA does not promptly provide an [estimated completion date] and determination, we intend to proceed to litigation."

60. DIA responded to USRTK's December 22 letter on December 24, 2022. In an email, an unidentified staff member told USRTK that DIA could not provide an updated estimated completion

date, and that the Request was still in processing with the Agency over two years after it was submitted.

61. The December 24, 2022, email provided by DIA to USRTK did not inform USRTK of (1) DIA's determination of whether or not to comply with the Request; (2) the reasons for its decision; and (3) notice of USRTK's right to appeal to the head of the agency. It also did not include an updated estimated completion date.

62. To date, USRTK has received no further communication from DIA about the Request.

63. To date, DIA has not provided USRTK with an updated estimated date of completion. The last estimated date of completion provided by DIA expired long ago.

64. To date, DIA has not provided USRTK with a timely and lawful "determination" that informs USRTK of (1) DIA's determination of whether or not to comply with the Request; (2) the reasons for its decision; and (3) notice of USRTK's right to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

65. At no time has DIA lawfully invoked the FOIA's "unusual circumstances" exception to the FOIA's twenty-day determination deadline.

66. DIA has not shown due diligence in responding to the Request. 5 U.S.C. § 552(a)(6)(C)(i).

67. To date, DIA has not produced a single record responsive to the Request.

68. USRTK has constructively exhausted all administrative remedies required by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

69. USRTK has been forced to retain the services of counsel and to expend funds litigating Defendant's unlawful actions and omissions under the FOIA.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FREEDOM OF INFORMATION ACT AND DEPARTMENT OF DEFENSE REGULATIONS:

### FAILURE TO PROVIDE TIMELY FINAL DETERMINATION

70. The allegations made in all preceding paragraphs are realleged and incorporated by

reference herein.

71. USRTK has a statutory right to have Defendant process its FOIA requests in a manner that complies with the FOIA. USRTK's rights in this regard were violated by DIA's failure to provide a timely and legally adequate final determination on the Request.

72. To date, USRTK has not received any written communication from DIA about whether the Agency will comply with the Request, the Defendant's reasons for making that decision, and any right of USRTK to administratively appeal that decision. 5 U.S.C. § 552(a)(6)(A)(i); 32 C.F.R. Part 286.

73. Based on the nature of USRTK's organizational activities, USRTK will continue to employ FOIA's provisions to request information from Defendant in the foreseeable future. These activities will be adversely affected if Defendant is allowed to continue violating FOIA's response deadlines.

74. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, DIA will continue to violate USRTK's rights to receive public records under the FOIA.

75. DIA's failure to make a final determination on the Request within the statutory timeframe has prejudiced USRTK's ability to timely obtain public records.

## COUNT II

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:

### UNLAWFUL WITHHOLDING OF NON-EXEMPT PUBLIC RECORDS

76. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

77. USRTK has a statutory right to have Defendant process its FOIA requests in a manner that complies with FOIA. USRTK's rights in this regard were violated when DIA failed to promptly provide public, non-exempt records to USRTK in response to the Request, 5 U.S.C. §§ 552(a)(3)(A) & (b), to provide a reasonable estimate of the volume of withheld records, 5 U.S.C. § 552(a)(6)(F), and to reasonably segregate all non-exempt portions of otherwise exempt material, 5 U.S.C. § 552(b).

78. DIA is unlawfully withholding public disclosure of information sought by USRTK, information to which it is entitled and for which no valid disclosure exemption applies.

79. USRTK has constructively exhausted its administrative remedies with respect to this claim for the Request.

80. USRTK is entitled to injunctive relief to compel production of all non-exempt, responsive records.

81. Based on the nature of USRTK's organizational activities, USRTK will undoubtedly continue to employ FOIA's provisions to request information from Defendant in the foreseeable future.

82. USRTK's organizational activities will be adversely affected if Defendant is allowed to continue violating FOIA's response deadlines as it has in this case.

83. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, DIA will continue to violate the rights of USRTK to receive public records under the FOIA.

## COUNT III

## VIOLATION OF THE FREEDOM OF INFORMATION ACT:

## FAILURE TO PROVIDE ESTIMATED DATE OF COMPLETION

84. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

85. USRTK has a statutory right to have Defendant process its FOIA requests in a manner that complies with FOIA. USRTK's rights in this regard were violated by DIA's unlawful failure to provide an updated estimated date of completion for the Request, as required by the FOIA, 5 U.S.C. § 552(a)(7)(B)(ii).

86. USRTK formally requested that DIA provide an updated estimated dates of completion for the Request after the original estimated completion date expired. No response was received from DIA.

87. Based on the nature of USRTK's organizational activities, USRTK will continue to employ FOIA's provisions to request information from DIA in the foreseeable future. These activities will be adversely affected if DIA is allowed to continue violating the FOIA's requirements for providing USRTK with an estimated date of completion or updated estimated date of completion on its FOIA requests.

88. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant will continue to violate the rights of USRTK to receive public records under the FOIA.

## REQUEST FOR RELIEF

Wherefore, USRTK prays that this Court:

1. Order Defendant to promptly provide USRTK all of the information sought in this action and to immediately disclose the requested records for the Request unless an exemption is properly claimed and properly applies.

2. Declare Defendant's failure to provide USRTK with a final determination for the Request as unlawful under the FOIA.

3. Declare Defendant's failure to promptly provide USRTK with all non-exempt records responsive to the Request as unlawful under the FOIA.

4. Declare Defendant's failure to provide USRTK with an estimated date of completion, or updated estimated date of completion, as required by 5 U.S.C. § 552(a)(7)(B)(ii), unlawful under the FOIA.

5. Award USRTK its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

6. Grant such other and further relief to USRTK as the Court may deem just and proper.

DATED: June 14, 2023

| /s/ Rachel Doughty | /s/ Daniel C. Snyder |
|---|---|
| RACHEL S. DOUGHTY (California State Bar No. 255904) | DANIEL C. SNYDER (Oregon State Bar No. 105127) |
| LILY RIVO (California State Bar No. 242688) | *Pro hac vice* application forthcoming |
| GREENFIRE LAW, PC | PUBLIC JUSTICE |
| 2748 Adeline St., Suite A | 1620 L Street NW, Suite 630 |
| Berkeley, CA 94703 | Washington, DC 20036 |
| Telephone: (510) 900-9502 | Telephone: (202) 861-5251 |
| Facsimile: (510) 900-9502 | Facsimile: (202) 232-7203 |
| rdoughty@greenfirelaw.com | dsnyder@publicjustice.net |
| lrivo@greenfirelaw.com | |

*Attorneys for Plaintiff US Right to Know*

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on June 14,

2023, from Rachel S. Doughty and Daniel C. Snyder for the filing of this document.

                                                     /s/Lily Rivo  
                                                   Lily Rivo  
                                                   ATTORNEY FOR PLAINTIFFS