ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
VALERIE E. SMITH (NYRN 5112164)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6985
    FAX: (415) 436-6478
    Valerie.smith2@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEFENSE INTELLIGENCE AGENCY,<br><br>    Defendant. | Case No. 23-cv-2936-TSH<br><br>**FEDERAL DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

Defendant, Defense Intelligence Agency ("DIA"), by and through undersigned counsel, hereby respond to the separately numbered paragraphs and prayer for relief contained in the Complaint filed by US Right to Know. Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied.

### DEFENDANTS' RESPONSES TO THE NUMBERED PARAGRAPHS

In response to the unnumbered and numbered paragraphs of the Complaint, DIA admits, denies, or otherwise avers as follows:

## INTRODUCTION

1. Paragraph 1 consists of Plaintiff's characterization of itself and this action and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, Defendant admits that Defendant holds government records. Except as expressly admitted, Defendant denies the allegations in Paragraph 1.

2. Defendant denies the allegations set forth in Paragraph 2. The Agency provided a final response to its request on August 22, 2023.

3. The Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 3, and on that basis denies them.

4. The allegations contained in Paragraph 4 consist of legal conclusions to which no response is required. To the extent a response is deemed required, the characterization and conclusions are denied. Defendant further denies that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 consist of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of the FOIA. Defendant denies that jurisdiction is proper under any other provision.

6. The allegations contained in Paragraph 6 consist of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over FOIA claims subject to the FOIA's terms and limitations. Defendant denies that jurisdiction is proper under any other provision.

## INTRADISTRICT ASSIGNMENT

7. Paragraph 7 contains Plaintiff's legal conclusions regarding intradistrict assignment, to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision and denies all allegations inconsistent therewith. With respect to the remaining allegations of paragraph 7, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of those allegations, and on that basis denies them.

8. Paragraph 8 states legal conclusions to which no response is required.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the Plaintiff's characterization of its organization's residence as alleged in Paragraph 9, and on that basis denies them.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the Plaintiff's characterization of its organization's residence as alleged in Paragraph 10.

11. Paragraph 11 states legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully directs the Court to the cited provision and denies all allegations inconsistent therewith. With respect to the remaining allegations of Paragraph 11, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of those allegations, and on that basis denies them.

## PARTIES

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the Plaintiff's characterization of its organization as alleged in Paragraph 12, and on that basis denies them. To the extent an answer is deemed required, Defendant admits Plaintiff's name was on each submitted FOIA request.

13. Defendant admits the allegations set forth in Paragraph 13.

14. Defendant admits that it qualifies as an "agency" under the FOIA, that it is subject to the FOIA, and that at least some of the records sought by Plaintiff are in the possession and control of Defendant. Except as expressly admitted, Defendant denies the allegations in Paragraph 14.

## LEGAL FRAMEWORK

15. Paragraph 15 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

16. Paragraph 16 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

17. Paragraph 17 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

18. Paragraph 18 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

19. Paragraph 19 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

20. Paragraph 20 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

21. Paragraph 21 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

22. Paragraph 22 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

23. Paragraph 23 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

24. Paragraph 24 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

25. Paragraph 25 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

26. Paragraph 26 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

27. Paragraph 27 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

28. Paragraph 28 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

29. Paragraph 29 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

30. Paragraph 30 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

31. Paragraph 31 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

32. Paragraph 32 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

33. Paragraph 33 consists of a characterization of the FOIA. The FOIA speaks for itself and is the best evidence of its contents.

## STATEMENT OF OPERATIVE FACTS

34. Defendant admits only that Plaintiff submitted a FOIA request to Defendant on August 17, 2020.

35. Defendant admits that Plaintiff's August 17, 2020, FOIA request sought the record titled "China: Origins of COVID-19 Outbreak Remain Unknown."

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the Plaintiff's characterization of its organization as alleged in Paragraph 36. To the extent that a response is deemed required, Defendant denies the allegations.

37. The allegations contained in Paragraph 37 consist of Plaintiff's conclusions of its request to which no response is required. To the extent a response is required, Defendant denies them.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the Plaintiff's characterization of its organization as alleged in Paragraph 38, and on that basis denies them.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the Plaintiff's characterization of its organization as alleged in Paragraph 39, and on that basis denies them.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth of the Plaintiff's characterization of its organization as alleged in Paragraph 40, and on that basis denies them.

41. Defendant admits the allegations set forth in Paragraph 41.

42. Defendant admits the allegations in the first sentence of Paragraph 42. The August 22, 2020, correspondence is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Except as expressly admitted, Defendant denies the allegations in Paragraph 42.

43. The August 22, 2020 correspondence is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Except as expressly admitted,

Defendant denies the allegations in Paragraph 43.

44. USTRK's September 10, 2020 correspondence speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Except as expressly admitted, Defendant denies the allegations in Paragraph 44.

45. USTRK's October 1, 2020 correspondence speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Except as expressly admitted, Defendant denies the allegations in Paragraph 45.

46. USTRK's October 16, 2020 correspondence and Ms. Timmons' October 19, 2020 correspondence speak for themselves and are the best evidence of their contents, and all allegations concerning the contents inconsistent therewith are denied. Except as expressly admitted, Defendant denies the allegations in Paragraph 46.

47. USTRK's October 20, 2020 correspondence speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Except as expressly admitted, Defendant denies the allegations in Paragraph 47.

48. The October 21, 2020 correspondence speaks for itself and is the best evidence of its contents, all allegations concerning the contents inconsistent therewith are denied. Except as expressly admitted, Defendant denies the allegations in Paragraph 48.

49. USTRK's October 29, 2020 correspondence speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Except as expressly admitted, Defendant denies the allegations in Paragraph 49.

50. The October 29, 2020 email speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Except as expressly admitted, Defendant denies the allegations in Paragraph 50.

51. USTRK's November 6, 2020 correspondence speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Except as expressly admitted, Defendant denies the allegations in Paragraph 51.

52. The November 6, 2020 correspondence speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Except as

expressly admitted, Defendant denies the allegations in Paragraph 52.

53. The November 6, 2020 correspondence speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Except as expressly admitted, Defendant denies the allegations in Paragraph 53.

54. The January 21, 2021 correspondences speak for themselves and are the best evidence of their contents, and all allegations concerning the contents inconsistent therewith are denied. Except as expressly admitted, Defendant denies the allegations in Paragraph 54.

55. The January 21, 2021 email speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Except as expressly admitted, Defendant denies the allegations in Paragraph 55.

56. The March 11, 2021 emails speak for themselves and are the best evidence of their contents, and all allegations concerning the contents inconsistent therewith are denied. Except as expressly admitted, Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations set forth in Paragraph 57. Defendant provided Plaintiff with an updated status letter on August 23, 2021, attached here as Exhibit A.

58. Defendant denies the allegations set forth in Paragraph 58, except admits only that no records were produced, and no correspondence was provided, to Plaintiff between September 30, 2020 and December 21, 2022.

59. Defendant lacks knowledge or information sufficient to form a belief about the truth of the Plaintiff's statement of the communication in Paragraph 59, as Defendant has no record of any communication from Plaintiff on December 23, 2022, and on that basis denies this.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of the Plaintiff's statement of the communication in paragraph 60, as Defendant has no record of any communication from Plaintiff on December 22 or December 24, 2022, and on that basis denies this.

61. The December 24, 2022, emails speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Except as expressly admitted, Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations set forth in Paragraph 62, except admits only that

1 | Defendant provided Plaintiff with a final response to its request on August 22, 2023.

2 |   63. Defendant denies the allegations set forth in Paragraph 63 and admits only that Defendant
3 | provided Plaintiff with an updated status letter on August 23, 2021, giving a possible processing date of
4 | August 2022.

5 |   64. Defendant denies the allegations set forth in Paragraph 64 and admits only that on August
6 | 22, 2023, the Agency provided Plaintiff with a final response to its request.

7 |   65. Defendant denies the allegations set forth in Paragraph 65.

8 |   66. Defendant denies the allegations set forth in Paragraph 66.

9 |   67. Defendant denies the allegations set forth in Paragraph 67 and admits only that the
10 | Agency provided Plaintiff with a final response to its request on August 22, 2023.

11 |   68. Defendant denies the allegations set forth in Paragraph 68.

12 |   69. Defendant denies the allegations set forth in Paragraph 69.

## CAUSES OF ACTION

## COUNT 1

## VIOLATIONS OF THE FREEDOM OF INFORMATION ACT

## AND DEPARTMENT OF DEFENSE REGULATIONS

## FAILURE TO PROVIDE TIMELY FINAL DETERMINATION

  70. Paragraph 70 does not set forth a claim for relief or aver facts in support of a claim to which a response is required. Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

  71. Defendant admits the allegations in the first sentence on Paragraph 71. Defendant denies the allegations in the second sentence of Paragraph 71.

  72. Defendant denies the allegations set forth in Paragraph 72 and admits only that on August 22, 2023, the Agency provided Plaintiff with a final response to its request.

  73. The allegations contained in Paragraph 73 consist of Plaintiff's conclusions of its organization and request to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 73.

  74. Defendant denies the allegations set forth in Paragraph 74 and admits only that the

1  Agency provided Plaintiff with a final response to its request on August 22, 2023.

2        75.    Defendant denies the allegations set forth in Paragraph 75 and admits only that the Agency provided Plaintiff with a final "no records" response on May 13, 2022, prior to this Complaint being filed.

## COUNT II

## VIOLATION OF THE FREEDOM OF INFORMATION ACT:

## UNLAWFUL WITHHOLDING OF NON-EXEMPT PUBLIC RECORDS

      76.    Paragraph 76 does not set forth a claim for relief or aver facts in support of a claim to which a response is required. Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

      77.    The allegations contained in Paragraph 77 consist of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in the first sentence of Paragraph 77. Defendant denies the allegations set forth in the second sentence of Paragraph 77.

      78.    Defendant denies the allegations set forth in Paragraph 78.

      79.    Defendant denies the allegations set forth in Paragraph 79.

      80.    Defendant denies the allegations set forth in Paragraph 80.

      81.    The allegations contained in Paragraph 81 consist of Plaintiff's conclusions of its organization and request to which no response is require, Defendant lack knowledge or information sufficient to admit or deny the allegations in Paragraph 81, and on those basis, Defendant denies them.

      82.    The allegations contained in Paragraph 82 consist of Plaintiff's conclusions of its organization and request to which no response is required. Defendant denies that it is violating the FOIA's response deadlines.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 82, and on that basis denies them.

      83.    Defendant denies the allegations set forth in Paragraph 83.

# COUNT III

## VIOLATION OF THE FREEDOM OF INFORMATION ACT:

## FAILURE TO PROVIDE ESTIMATED DATE OF COMPLETION

84. Paragraph 84 does not set forth a claim for relief or aver facts in support of a claim to which a response is required. Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

85. The allegations contained in Paragraph 85 consist of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in the first sentence of paragraph 85. Defendant denies the allegations in the second sentence of Paragraph 85.

86. Defendant denies the allegations set forth in Paragraph 86 and admits only that the Agency provided Plaintiff with an updated status letter on August 23, 2021 giving a possible processing date of August 2022, and Defendant provided Plaintiff with a final response to its request on August 22, 2023.

87. The allegations contained in Paragraph 87 consist of Plaintiff's conclusions of its organization and request to which no response is required. Defendant denies that it is violating the FOIA's requirements. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 87, and on that basis denies them.

88. Defendant denies the allegations set forth in Paragraph 88.

## REQUEST FOR RELIEF

1-6. The allegations in paragraphs 1 through 6 following the "WHEREFORE" clause consist of Plaintiff's request for relief, to which no answer is required, but insofar as an answer is deemed required, Defendant denies that Plaintiff is entitled to the requested relief, including relief requested that is not cognizable under the FOIA, or any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

The information that plaintiff seeks in the Freedom of Information Act ("FOIA") request is exempt from disclosure under FOIA, 5 U.S.C. § 552.

**Third Defense**

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized under FOIA. Specifically, Plaintiff is not entitled to declaratory relief and/or any other relief beyond what is provided for under the FOIA. 5 U.S.C. § 552.

**Fourth Defense**

Plaintiff is not entitled to compel the production or release of information that is protected from disclosure by one or more statutory exemptions or exclusions. 5 U.S.C. § 552(b). Disclosure of such information is not required or permitted.

**Fifth Defense**

The Complaint contains certain claims for which Plaintiff failed to exhaust the administrative remedies.

**Sixth Defense**

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

**Seventh Defense**

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1. Plaintiff takes nothing by its Complaint;

2. The Complaint be dismissed with prejudice;

3. Defendant has judgment against Plaintiff;

4. Defendant be awarded its costs of suit; and

5. For such other and further relief as the Court may deem proper.


DATED:  August 23, 2023                                    Respectfully submitted,

                                                  ISMAIL J. RAMSEY
                                                  United States Attorney

                                                  */s/ Valerie E. Smith*
                                                  VALERIE E. SMITH
                                                  Assistant United States Attorney